IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAUL GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-759-KC |
| | § | |
| ESTELLA RIVERA AND JORGE F. | § | |
| LEYJA d/b/a MERCEDES | § | |
| TRUCKING and ESTELLA | § | |
| RIVERA, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered the case. According to the Notice of Removal filed on March 17, 2026, the alleged basis for the Court's subject matter jurisdiction in the present case is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal ¶ 9, ECF No. 1.

Defendants assert that Plaintiff is a citizen of Texas and the Defendant Estella Rivera is a citizen of New Mexico. *Id.* ¶¶ 10–11. As for Defendant Estella Rivera and Jorge F. Leyja d/b/a Mercedes Trucking, Defendants state that "Mercedes Trucking is a business association not registered with any state, but is operated by Rivera and Leyja" and "maintains a physical address of 820 Tres Amigos Road, Las Cruces, New Mexico 88007, and maintains a mailing address of PO Box 944, Doña Ana, New Mexico 88032." *Id.* ¶ 13. And that Leyja "resides in and is domiciled in Las Cruces, New Mexico." *Id.* ¶ 12. Thus, Defendants assert, "Mercedes Trucking is considered a citizen of the State of New Mexico for purposes of establishing diversity jurisdiction." *Id.*

1

This information, however, is not sufficient for the Court to determine whether the exercise of diversity jurisdiction is proper in this case. "The citizenship of an unincorporated entity or association is based upon the citizenship of each of its members." *Mango Eleven, LLC v. Bharwani*, No. 5:24-cv-1477-DAE, 2025 WL 1914889, at *3 (W.D. Tex. May 23, 2025) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)); *accord Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."). If any of those members are themselves LLCs, partnerships, or other unincorporated associations, a party must continue to trace through the organizational layers of membership until only corporations and natural persons are reached. *See MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314–15 (5th Cir. 2019). It follows that Defendants' declaration of Mercedes Trucking's physical and mailing addresses is irrelevant to its citizenship for purposes of diversity jurisdiction. *See id.* at 314. And the fact that Rivera and Leyja, who operate Mercedes Trucking, are citizens of New Mexico, without the assertion that they are the *only* members of Mercedes Trucking, is similarly insufficient to establish citizenship for diversity jurisdiction purposes.

Accordingly, the Court **ORDERS** Defendants to submit written notice identifying each of the members of Mercedes Trucking and their citizenship to facilitate the Court's determination of whether subject matter jurisdiction lies in this matter, **by no later than March 25, 2026**.

**SO ORDERED**.

SIGNED this 18th day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE